**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:16-cr-0039-005 |
| | ) |
| **DELLANNA MAGNER,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION**

**MOLLOY,** *Chief Judge*

**BEFORE THE COURT** is Defendant Dellanna Magner's ("Magner") *pro se* Motion for Early Termination of Supervised Release. (ECF No. 424.) The Government did not file a response. For the reasons stated below, the Court will deny the motion.

I.

On January 26, 2017, Magner plead guilty to Count Four of the Superseding Indictment which charged possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii). (ECF No. 245.) The underlying facts of this case involved Magner conspiring with several other individuals to traffic cocaine between St. Thomas and the United States mainland through the Cyril E. King Airport. Count Four carried a mandatory minimum term of incarceration of 60 months and a mandatory term of supervised release of four years. *See* 21 U.S.C. § 841(b)(1)(B).

On March 16, 2017, the sentencing judge sentenced Magner to sixty months imprisonment along with a term of sixty months of supervised release to be served

*United States v. Magner*
Case No. 3:16-cr-0039-005
Memorandum Opinion
Page **2** of **6**

immediately upon her release from prison. *Id.* Magner's term of supervised release commenced on April 9, 2021, and is scheduled to terminate on April 8, 2026. As of the date of this Order, Magner has served approximately 46 months of her 60-month term of supervised release.

Magner requests that her supervised release be terminated arguing that she has abided by all terms and conditions of her supervised release and has had no violations. ECF No. 424 at 1.

II.

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the District Court to terminate a term of supervised release and discharge the defendant released "at any time after the expiration of one year of supervised release. . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e )(1). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) when evaluating early termination:

(i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);

(ii) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A);

(iii) the need for the sentence imposed "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* §3553(a)(2)(D);

  (iv) the "kinds of sentence and the sentencing range established for the applicable category of offense [or violation of probation or supervised release] committed by the applicable category of defendant" under the Sentencing Guidelines, *id*. § 3553(a)(4);

  (v) "any pertinent policy statement issued by the Sentencing Commission," *id.* § 3553(a)(5); and

  (vi) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...." *id*. § 3553(a)(6).

18 U.S.C. § 3553.

"District courts are not required to make specific findings of fact with respect to each of these factors; rather, a statement that the district court has considered the statutory factors is sufficient." *United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020) (citation omitted). The District Court's discretion whether to modify the terms of supervision is "broad." *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013). The Court has authority to "consider a wide range of circumstances" and considerations in determining whether early termination is appropriate. *Melvin*, 978 F.3d at 52. (citing *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). However, it is the defendant's burden to convince the Court that she deserves the "rarely granted" early termination of her supervised release conditions. *Emmett*, 749 F.3d at 824.

The defendant need not demonstrate that "something exceptional or extraordinary warrants" early termination or that there are "new or unforeseen circumstances" that have arisen since the Court originally imposed the defendant's sentence. *Melvin*, 978 F.3d at 53 (citations omitted). All a defendant must show is that the 3553(a) factors, the defendant's conduct, and the interest of justice all warrant early termination. No additional specific

showing is required. However, the Third Circuit has held "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.

III.

After reviewing the record and upon full consideration to the section 3553(a) factors, the Court concludes that early termination of Magner's supervised release is not warranted. Magner engaged in a very serious crime. She conspired with several other individuals to traffic drugs through the airport. Notwithstanding that this incident occurred in 2016 – more than eight years ago – the Court continues to preside over cases involving this exact conduct. The trafficking of cocaine (and other controlled substances) at our airports continues to be a major societal problem requiring law enforcement agencies to garner resources to combat this illegal flow of drugs. The early termination of Magner's mandatory term of sixty months of supervised release would send the wrong message and frustrate the purpose of the need to afford adequate deterrence to Magner specifically, and to individuals, generally, who are prone to engage in this type of illegal behavior. Thus, as a critical component of the sentence, the term serves the crucial goals of deterrence and just punishment contemplated within section 3553(a). Moreover, Magner plead guilty and was convicted of an offense that carries a mandatory minimum 4-year term of supervised release. As of the date of this Order, Magner has completed only 46 months of her 60-month term of supervised release.

The Court recognizes Magner's commendable compliance during her period of integration while under supervised release. The Court also recognizes that supervised

release is not intended as punishment in lieu of incarceration. *United States v. Granderson*, 511 U.S. 39, 50 (1994). The primary purpose of supervised release is "to *facilitate*" the reintegration of offenders back into the community. *United States v. Santiago*, No. 12-566-1, 2024 U.S. Dist. LEXIS 84714, at *9 (E.D. Pa. May 9, 2024) (citing *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011) (emphasis added); *see also United States v. Moon*, No. 19-143, 2021 U.S. Dist. LEXIS 159416, at *11 (W.D. Pa. Aug. 24, 2021)("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release.")(citation omitted)).

Because Congress intended supervised release to assist individuals in their transition to community life, it "fulfills rehabilitative ends, distinct from those served by incarceration." *Santiago* at *9 (citations omitted). "The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *Santiago* at *10-11 (citation omitted). Given that compliance is expected, compliance alone is insufficient to justify early termination under 18 U.S.C. § 3583(e). *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018); *see also Emmett*, 749 F.3d at 823 (reasoning that compliance and non-criminal behavior are "not tethered to a § 3553(a) factor" for purposes of deciding whether to grant an early release). Simply stated, complying with the terms of supervised release, alone, is not a basis for early termination of supervised release.

IV.

After careful consideration of the record in this matter, including consideration of the section 3553(a) factors, the Court finds that the interest of justice do not warrant early

*United States v. Magner*
Case No. 3:16-cr-0039-005
Memorandum Opinion
Page **6** of **6**

termination of Magner's supervised release. Accordingly, Dellanna Magner's Motion for Early Termination of Supervised Release, ECF No. 424, will be denied. An appropriate Order follows.

**Dated:** January 31, 2025                                              */s/ Robert A. Molloy*
                                                                         **ROBERT A. MOLLOY**
                                                                         **Chief Judge**